**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2017-23 |
| | ) | |
| HANSELO JOSPEH FELIZ RECIO; | ) | |
| BETEL AUGUSTO ROSARIO PAULINO; | ) | |
| HELWOOD PARIS; and JUNIOR | ) | |
| ANTONIO FELIZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ATTORNEYS:

**Gretchen Shappert, USA**
**Sigrid Tejo-Sprotte, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States of America,*

**Alex Omar Rosa-Ambert, Esq.**
Rosa-Ambert Law Offices
San Juan, PR
**George Hodge, Esq.**
St. Thomas, VI
    *For Hanselo Joseph Feliz Recio.*

**Edgar Sanchez-Mercado, Esq.**
San Juan, PR
    *For Betel Augusto Rosario Paulino.*

**Omodare Jupiter, Federal Public Defender**
**Brendon Hurson, AFPD**
**Gabriel Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, VI
    *For Helwood Paris.*

**Robert King, Esq.**
Law offices of Robert King
St. Thomas, VI
    *For Junior Antonio Feliz.*

## ORDER[1]

**GÓMEZ, J.**

Before the Court is the matter of victim restitution, with respect to the defendants, Hanselo Joseph Feliz Recio, Betel Augusto Rosario Paulino, Helwood Paris, and Junior Antonio Feliz. Having considered the submissions of the parties, the Court finds that Arcos Dorados Puerto Rico & USVI d/b/a McDonalds ("McDonalds") is entitled to restitution for the following losses:

1. Restaurant cleaning and sanitizing: $19,580
2. Food inventory: $9,239.24[2]
3. Glass and window replacement: $7,483
4. Temporary coverage of glass and window holes: $1,200
5. Security costs during closure: $4217.21
6. Security cameras DVR: $9,988

As such, the total restitution amount is $51,707.45.

McDonalds has been partially compensated for its losses by Zurich Insurance Company ("Zurich"). "If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation

---

[1] This Order modifies the Court's previous oral restitution orders in this matter.

[2] There are minor inconsistencies with the amount requested. The United States only requested $9,239. The losses reported to Zurich were 9,239.88. However, the affidavit of the McDonald's consultant specified that the losses were $9,239.24.

. . . ." 18 U.S.C. § 3664(j)(1). The Court finds that Zurich

compensated McDonalds for the following losses, minus a

deductible:

1. Restaurant clean and sanitizing: $19,580
2. Food inventory: $9,239.24
3. Glass and window replacement: $7,483
4. Temporary coverage of glass and window holes: $1,190[3]
5. Security costs during closure: $2994.26
6. Security camera DVR: $2385.34

Those amounts, minus McDonalds's $3,000 deductible, equal

$39,871.84. That amount must be paid to Zurich. The remaining

restitution, $11,835.61, must be paid to McDonalds.

The premises considered; it is hereby

**ORDERED** that each of the defendants, Hanselo Joseph Feliz

Recio, Betel Augusto Rosario Paulino, Helwood Paris, and Junior

Antonio Feliz Helwood Paris, shall be jointly and severally

responsible for restitution payments to McDonalds in the amount

of $11,835.61; it is further

**ORDERED** that each of the defendants, Hanselo Joseph Feliz

Recio, Betel Augusto Rosario Paulino, Helwood Paris, and Junior

---

[3] The United States originally submitted evidence that $5143.48 in restitution for temporary coverage of windows and glass was proper. *See* ECF Nos. 253; 253-6. Significantly, the amount sought from the insurance company was ten dollars less--$5133.88. *See* ECF No. 253-19. The Government subsequently reduced the amount sought to $1,200. *See* ECF No. 307.

The Government has not adduced evidence as to whether the ten dollars that was not sought from Zurich is part of the $1,200 the Government now seeks. Without that evidence, the Court cannot find that Zurich compensated McDonalds for the entire $1,200 sum. As such, the Court reduced the $1,200 sum by ten dollars.

Antonio Feliz, shall be jointly and severally responsible for

restitution payments to Zurich in the amount of $39,871.84; it

is further

    **ORDERED** that pursuant to 18 U.S.C. § 3612(f)(3)(A),

interest on the restitution ordered is waived because the

defendants do not have the ability to pay interest. Payments may

be subject to penalties for default and delinquency pursuant to

18 U.S.C. § 3612(g); it is further

    **ORDERED** that the restitution shall be due during the period

of imprisonment, at the rate of not less than $25 per quarter,

and pursuant to the Bureau of Prisons' Inmate Financial

Responsibility Program. Monthly payments of at least $25, but

not less than 10% of each defendant's gross monthly income,

shall be made beginning 30 days after the commencement of

supervised release; and it is further

    **ORDERED** that all restitution to McDonalds will be paid

before restitution is paid to Zurich.


                        **S\_____**

                          **Curtis V. Gómez**
                          **District Judge**